# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

DASHON HINES,

                                    Plaintiff,

            v.

                                                                    1:21-CV-1183
OFFICE OF TEMPORARY and                                             (DNH/ATB)
DISABILITY ASSISTANCE,

                                    Defendant.

DASHON HINES, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to me for initial review a pro se complaint, submitted by plaintiff Dashon Hines. (Complaint ("Compl.")) (Dkt. No. 1). Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2).

## I.    IFP Application

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915

(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.    Complaint

Plaintiff has filed this action on a form utilized for claims under 42 U.S.C. § 1983, which provides for a cause of action alleging that plaintiff's federal

constitutional rights have been violated by a person acting under color of state law. (*See* Compl. at 1-4). In his statement of facts, plaintiff states that on October 26, 2021, his "appeal was denied internally by the defendant in violation of the American Rescue Plan Act of 2021." (*Id.* at 2). Plaintiff states that, "[s]pecifically, the defendants [sic] informed the [plaintiff] that his administrative hearing will be held on October 26, 2021 at 9 a.m. but was not held." (*Id.*). Plaintiff claims that his "right to appeal administratively to exhaust remedies was denied by the defendants." (*Id.* at 3). He seeks one million dollars in damages. (*Id.* at 4).

## III.  <u>Venue</u>

### A.  **Legal Standards**

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the

convenience of the parties and witnesses to any other district where it might have been brought. 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin*., 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations marks omitted).

When considering whether to transfer an action sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g.*, *Flaherty*, 2002 WL 1891212, at *1-2; *Haskel v. FPR Registry, Inc*., 862 F. Supp. 909, 916 (E.D.N.Y. 1994). Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 WL 1891212, at *1.

**B. Application**

The court is well-aware that plaintiff resides in the Western District of New York. Although he has listed the defendant Office of Temporary and Disability Assistance ("OTDA") as based in Albany, New York, the papers attached to plaintiff's complaint suggest that the underlying administrative hearing was regarding state benefits handled by an "agency" located in Erie County. (Dkt. No. 1-2 at 2, 6). Erie County is in the Western District of New York. Earlier this year, plaintiff filed a

complaint against the OTDA in the Northern District, which was ultimately dismissed on this very basis. *Hines v. New York State Off. of Temp. & Disability Assistance Staff*, No. 1:21-CV-601 (DNH/ATB), 2021 WL 2313630, at *3 (N.D.N.Y. June 7, 2021), *report and recommendation adopted*, 2021 WL 2636427 (N.D.N.Y. June 24, 2021).  In that case, I noted that it was not the first time plaintiff had attempted to create venue in the Northern District by suing an "agency" whose headquarters is in Albany, New York.  *Id.* I also noted plaintiff's bad faith habit of filing cases in the Northern District which do not belong here.  *Id.* at 4.

Indeed, plaintiff's litigation history strongly suggests that plaintiff filed this case in the Northern District of New York merely because he is running out of venues in which he can continue to freely file his frivolous causes of action.  Plaintiff has a standing pre-filing injunction in the Western District, barring him from filing pro se complaints without leave of the court.  *In re Hines*, No. 13-MC-27-A, 2015 WL 500800 (W.D.N.Y. Feb. 3, 2015) (requiring Plaintiff to seek prior leave before proceeding IFP). More recently, an order to show cause[1] was filed in the Southern District of New York, seeking to issue a filing injunction against plaintiff in that venue.  *See Hines v. New York State Division of Human Rights,* No. 21-CV-4629, 2021 WL 2435557, at *3 (S.D.N.Y. June 14, 2021).  The Second Circuit has also imposed a leave-to-file sanction against him.  *In re Dashon Hines*, No. 15-4094 (2d Cir. May 5, 2016) (Dkt. No. 33).

Under different circumstances, transferring this case to the Western District

---

[1] *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.")

might have been appropriate – requiring plaintiff to, potentially, endure the consequences of having filed another baseless pro se complaint.  However, considering the recommendation below, and this court's belief that the transfer of this case would not be in the interest of justice, I will recommend dismissal without prejudice based on improper venue, in accordance with 28 U.S.C. § 1404(a).  If plaintiff chooses to file in the Western District he may attempt to do so himself.  If the Western District Court finds that his case is not frivolous,[2] he may be allowed to proceed there.

## III.    Pre-Filing Injunction

### A.    Legal Standard[3]

Courts have always recognized that they may resort to restrictive measures when responding to vexatious litigants. *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (noting that the Supreme Court and other Circuits have imposed restrictive

---

[2]This seems unlikely, as plaintiff's complaint is wrought with substantive defects.  Plaintiff may not sue the OTDA under section 1983 because the agency is immune from liability for damages under the Eleventh Amendment. *See Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390-91 (E.D.N.Y. 2013) (quoting *Russell v. Dunston*, 896 F.2d 664, 667 (2d Cir. 1990) (citations omitted)); *Cincotta v. New York City Hum. Res. Admin.*, No. 00 Civ. 9064, 2001 WL 897176, at *9 (S.D.N.Y. Aug. 9, 2001) ("OTDA and DOH are agencies of New York State and thus cannot be sued under Section 1983 and are otherwise immune from suit in federal court under the Eleventh Amendment for the alleged claims in this case.").

Moreover, plaintiff is seeking a million dollars in damages for an administrative hearing that was allegedly "not held" on its scheduled date and time.  Plaintiff filed the complaint three days after the hearing was supposed to take place, and provides no context regarding how the hearing was "not held."  Nor does the plaintiff explain what, if any, actions he took to properly appear for the administrative hearing, and/or communicate the issues he was having to the agency, such as calling the toll-free phone number provided by the OTDA for assistance with administrative hearing procedures. (*See* Dkt. No. 1-2 at 4).  Thus, the court is hard pressed to interpret a § 1983 due process claim based on the few facts alleged.

[3] This summary of the applicable law quotes liberally from *Yefimova v. Trustco Bank*, No. 1:17-CV-730 (GTS/DJS), 2017 WL 4216987, at *3 (N.D.N.Y. July 31, 2017), *report and recommendation adopted*, 2017 WL 4157337 (N.D.N.Y. Sept. 18, 2017).

measures). The Court has the obligation to protect the public and the efficient administration of justice from individuals who have a history of vexatious and harassing litigation because it imposes needless expense on the parties and an unnecessary burden on the court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). In this context, courts have accepted the need for permanent injunctions as a result of extraordinary patterns of vexatious, harassing, and baffling litigation practices. *In re Aarismaa*, 233 B.R. 233, 247 (N.D.N.Y. 1999); *Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997) (identifying the All Writs Act as a legal basis to impose sanctions and enjoin a plaintiff who abuses the judicial process).

Under the All Writs Act, 28 U.S.C. § 1651, a court may sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court. *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004). An enjoinder may be permanent or may impose the less drastic remedy of a "leave to file" requirement. *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (noting the court's ability to levy a leave to file requirement); *Raffee v. John Doe*, 619 F. Supp. 891 (S.D.N.Y. 1985) (granting a permanent injunction restraining the plaintiff from filing any further actions); *In re Aarismaa*, 233 B.R. at 247 (observing that such "restrictive measure[s] have included foreclosing the filings of pleadings in a particular case or requiring that leave of court first be sought").

Before regulating a truculent and persistent litigant by restricting future access to the court, a court should consider

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether the litigant has a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

### B.    Application

With respect to the first *Safir* factor, plaintiff's abuse of the litigation process in the Northern District of New York is equivalent to that which he has historically displayed in the Western District, Southern District, and Second Circuit.  In addition to the pending complaint, plaintiff has filed ten other frivolous actions in this District since April 2020.  The majority of these cases were improperly filed in the Northern District, in a clear attempt by plaintiff to avert the Western District's standing bar order and potential sanctions that would be imposed on him, had he continued his pattern of vexatious litigation there.[4]  The cases that were not outright transferred to the Western

---

[4] *See Hines v. Internal Revenue Service,* No. 5:20-CV-469 (DNH/ATB) (Dkt. No. 4) (transferring frivolous case to the Western District); *Hines v. NYS Office of Temporary and Disability Assistance Staff,* No. 1:20-CV-506 (DNH/ATB) (Dkt. No. 5) (same); *Hines v. Bryant & Stratton College,* No. 5:20-CV-507 (LEK/TWD) (Dkt. No. 3) (same); *Hines v. TopShelf Management*, No. 5:20-CV-505 (MAD/ATB) (Dkt. No. 4) (transferring case to the Western District and warning that the court may initiate procedure to have plaintiff barred in the Northern District); *Hines v. NYS Dept. of Labor Staff,* No. 1:20-CV-517 (DNH/ATB) (Dkt. Nos. 3, 8) (dismissing plaintiff's frivolous complaint); *Hines v. Erie County Dept. Social Services*, No. 1:20-CV-536 (DNH/ATB) (Dkt. No. 3) (transferring frivolous complaint to the Western District); *Hines v. Dell*, No. 5:20-CV-638 (TJM/ATB)

District were quickly dismissed, either on the merits or for improper venue.  Plaintiff's complaints are often duplicative, attempting to sue the same defendant on the same frivolous basis.

Second, it is beyond question that plaintiff's motivation for pursuing litigation in the Northern District is to avoid the order barring him from filing cases in the Western District without permission from the court.  No other explanation exists for plaintiff's total disregard for the many warnings issued by this court, directing him to file suit in the appropriate venue.  Plaintiff's consistent attempts to create venue in the Northern District by improperly identifying the defendant's citizenship is further evidence of his disingenuous motivation.  At this juncture, the court cannot fathom how plaintiff could maintain any good faith basis for prevailing on his claims.

Third, although plaintiff is a pro se litigant, he has extensive litigation experience in the Northern District of New York that extends back to 2002.  Fourth, plaintiff has posed an unnecessary burden on the court because "every paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, [has] require[d] some portion of the institution's limited resources."  *In re McDonald*, 489 U.S. 180, 184 (1989).

Fifth, "in light of plaintiff's litigation history, it does not appear that any other sanction, short of an injunction, will be adequate to protect the court from plaintiff's

---

(Dkt. Nos. 3, 5) (dismissing plaintiff's frivolous complaint for improper venue); *Hines v. NYS Dept. of Labor Staff, et al.*, No. 1:21-CV-600 (DNH/ATB) (Dkt. Nos. 5, 8) (dismissing plaintiff's frivolous complaint and warning that the court will consider referring his case for potential bar in the Northern District); *Hines v. Office of Temporary and Disability Assistance Staff,* No. 1:21-CV-601 (DNH/ATB) (Dkt. Nos. 5, 8) (dismissing plaintiff's complaint for improper venue); *Hines v. Office of Temporary and Disability Assistance Staff,* No. 1:21-CV-626 (DNH/ATB) (Dkt. Nos. 4, 6) (same).

insatiable appetite for continued litigation." *Smith v. Jackson*, No. 5:21-CV-0005 (MAD/ML), 2021 WL 3518327, at *6 (N.D.N.Y. Jan. 11, 2021), *report and recommendation adopted*, 2021 WL 2775003 (N.D.N.Y. July 2, 2021) (citing *Ulysses I & Co., Inc. v. Feldstein*, No. 01-CV-3102, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002), *aff'd sub nom, Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003)). Plaintiff has consciously ignored the many warnings issued by this court that a pre-filing injunction may be assessed against him in this District, should he continue his pattern of litigious abuse.

Accordingly, pursuant to 28 U.S.C. § 1651(a) and the court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, I recommend that plaintiff be prohibited from making any future pro se filings in this District without prior leave of the Chief Judge. See *Yefimova v. Trustco Bank*, No. 17-CV-0730 (GTS/DJS), 2017 WL 4216987, at *3-4 (N.D.N.Y. July 31, 2017) (recommending a bar order where the plaintiff was deemed a persistent, frivolous litigator), *report and recommendation adopted*, 2017 WL 4157337 (N.D.N.Y. Sept. 18, 2017).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE** for improper venue in accordance with 28 U.S.C. § 1406(a) , and it is

**RECOMMENDED** that this matter be referred to Chief District Judge Glenn T.

Suddaby to issue a pre-filing injunction permanently enjoining plaintiff from filing any other pro se cases in this District without leave of the Chief District Judge, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:   November 5, 2021

Andrew T. Baxter
U.S. Magistrate Judge

11